### Ex parte WALTER I. DAVIS.

No. A-5283.  Opinion Filed March 17, 1925.
(234 Pac. 228.)

(Syllabus.)

**Bail—One Accused of Robbery with Firearms Held Entitled to Bail.** Petitioner, charged with robbery with firearms, was held and committed without bail on a preliminary examination. Evidence examined, and held sufficient to show that petitioner is entitled to be admitted to bail as a matter of legal right.

Application of Walter I. Davis for writ of habeas corpus to be admitted to bail. Bail allowed.

Pryor, Stokes & Carver, for petitioner.

The Attorney General, for the State.

DOYLE, J. In this case petitioner, Walter I. Davis, by his attorneys filed and presented to this court a petition alleging that he is unlawfully imprisoned in the county jail of Seminole county by Blanch Doyle, sheriff of said county; that having been charged with the crime of robbery by firearms, and after waiving preliminary examination was committed without bail to answer to the district court of Seminole county, an application for bail was made to the district judge of said county. Petitioner alleges that he is not guilty of the crime charged, and that the proof of guilt is not evident, nor the presumption thereof great.

Attached to said petition is a transcript of the testimony taken upon the hearing before Judge Crump, presiding judge of said district court, on the application of the petitioner for bail. Upon a consideration of the evidence and the argument of counsel it was adjudged and ordered that petitioner be admitted to bail in the sum of $20,000. On September 22, 1924, an application to reduce the amount of the bail so fixed was made on the ground that petitioner has been unable to give bond in the amount fixed, and further showing that the jail in Seminole county is unsanitary and his further confinement is likely to prove injurious to petitioner's health.

Upon a consideration of the proof, the amount heretofore fixed was reduced to $10,000, said bond to be conditioned as by law provided, same to be approved by the court clerk of Seminole county, and upon approval of the same said court clerk shall notify the sheriff of said county, who shall discharge said petitioner from custody.

MATSON, P. J., and BESSEY, J., concur.